**PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

———————

No. 18-2663

———————

UNITED STATES OF AMERICA

v.

MICHAEL SCRIPPS,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-12-cr-00298-001)
District Judge: Honorable Jan E. DuBois

———————

Submitted under Third Circuit L.A.R. 34.1(a)
March 31, 2020

(Opinion filed: June 10, 2020)

Before:  BIBAS, SCIRICA, and RENDELL, <u>Circuit Judges</u>

Vernon Z. Chestnut, Jr., Esq.
Suite 207
150 Monument Road
Bala Cynwyd, PA 19004

Counsel for Appellant

Terri A. Marinari, Esq.
Robert A. Zauzmer, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Counsel for Appellee

O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

Michael Scripps appeals the denial of his motion for relief pursuant to 28 U.S.C. § 2255, urging that the District Court should have held an evidentiary hearing to determine whether his appellate counsel was ineffective for failing to raise a claim that the sentencing judge did not personally address him during sentencing, as required by Federal Rule of Criminal Procedure 32. For the following reasons, we

conclude that the District Court abused its discretion in failing to conduct an evidentiary hearing. We will therefore remand to the District Court for further proceedings consistent with this opinion.

## I. BACKGROUND

### A. Factual Background

A jury convicted Scripps on seven counts of wire fraud for fraudulently transferring millions of dollars from the bank accounts of his mother and autistic uncle—heirs to the family's publishing fortune—into his own account. During the sentencing hearing, the District Court heard arguments from both parties' counsel. The District Court indicated that Scripps was invited to address the Court multiple times throughout the hearing, but it never personally asked Scripps if he wished to speak. For example, while addressing Scripps's attorney, Mr. Michael Dezsi, the sentencing judge stated:

> I haven't heard acknowledgement just yet— maybe we'll get there—of [Scripps's] own responsibility for the choices that he has made. . . . Scripps is not, in my eyes, a victim of circumstances. He's an intelligent, thoughtful man who has made his choices for the reasons he has made his choices. *And he can tell me about them if he wants*.

App. 89-90 (emphasis added).

3

The sentencing judge later explicitly asked Mr. Dezsi whether Scripps wished to address the court, and Mr. Dezsi indicated that he would confer with Scripps:

| | |
|---|---|
| The Court: | Does [Scripps] want to talk to me? |
| Mr. Dezsi: | I'm sorry? |
| The Court: | Does he want to speak to me? |
| Mr. Dezsi: | Your Honor, I'm going to confer with my client before we do that. |
| The Court: | Sure. Go ahead. |

App. 103-04. The sentencing judge then directed Mr. Dezsi to ask Scripps whether he wished to make a statement:

| | |
|---|---|
| The Court: | Okay. You need to speak with [Scripps] about whether he wishes to speak to me. But I'll hear from the government first. |
| Mr. Dezsi: | Okay. Thank you, Your Honor. |

App. 104. Before imposing his sentence, the sentencing judge again asked Mr. Dezsi if Scripps wished to speak. Mr. Dezsi informed the sentencing judge that Scripps did not wish to exercise his right to allocution.

| | |
|---|---|
| [The Court:] | Does he want to speak to me, sir? |
| Mr. Dezsi: | Your Honor, having discussed it—the matter with my client, he's opting not to address the court, Your Honor. He will not be making a statement. |
| The Court: | Okay. That's fine. |

App. 119. After hearing from the parties, the sentencing judge concluded that "[t]here's nothing in this record from which I could fairly conclude there's any remorse whatsoever." App.

4

124. The District Court then sentenced Scripps to 108 months' imprisonment, the maximum period of incarceration within the advisory Guidelines range, and three years' supervised release, the maximum term of supervised release permitted under 18 U.S.C. § 3583(b)(2).

## B.     Procedural History

Scripps appealed his sentence, and he was again represented by Mr. Dezsi on appeal. Scripps raised several issues on direct appeal, including "the District Court's supplemental jury instructions, the impartiality of members of the prosecution team, the exclusion of certain expert testimony, and the reasonableness of his sentence." *United States v. Scripps*, 599 F. App'x 443, 444 (3d Cir. 2015). We found no error and affirmed. *Id.* at 448.

Scripps then filed a *pro se* motion under 28 U.S.C § 2255 to vacate, set aside, or correct his sentence, raising several claims of ineffective assistance of counsel. The District Court appointed habeas counsel to represent Scripps, and thereafter, Scripps withdrew his *pro se* motion, and his appointed counsel filed an amended motion. Scripps's amended motion raises several issues, including whether his appellate counsel was ineffective in failing to argue that the trial judge erred by not personally inviting Scripps to speak during sentencing.[1] Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) ("Rule 32") requires a sentencing judge to "address the defendant

---

[1] Scripps alleged six other claims for relief, all related to the ineffective assistance of counsel. These claims are not at issue on appeal.

personally in order to permit the defendant to speak or present any information to mitigate the sentence."

The District Court determined that there was no Rule 32 error because the trial court "afforded [Scripps] an opportunity to speak several times during sentencing," and thus Scripps "was able to exercise his rights under Rule 32." App. 16-17. Because counsel cannot be ineffective for failing to raise an issue on appeal where there was no underlying error, *see Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009), the District Court concluded that an evidentiary hearing was unnecessary and denied Scripps's § 2255 motion.

Scripps timely filed a notice of appeal and requested a certificate of appealability under 28 U.S.C. § 2253(c)(1). We granted a certificate of appealability on one issue: "whether the District Court erred in denying, without an evidentiary hearing, the claim that appellate counsel was ineffective for failing to raise a claim that the District Court did not personally address Appellant at sentencing." App. 20 (internal citation omitted). During the pendency of this appeal, Scripps was released from prison and has since been serving his term of three years' supervised release.

## II.    JURISDICTION

We must first address the threshold issue of whether this case was rendered moot upon Scripps's release from prison.[2] Under Article III, Section 2, of the Constitution, federal courts

---

[2] Although the parties agree that this case presents a live case or controversy, we have an independent duty to analyze this jurisdictional requirement before proceeding to our analysis on the merits.

are limited to adjudicating "actual, ongoing cases or controversies." *Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P.*, 237 F.3d 186, 192-93 (3d Cir. 2001) (Alito, J.). A court's ability to grant effective relief is central to the mootness doctrine. *See County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001).

"[A] live case or controversy that a court can remedy arises when a defendant challenges the sentence he is currently serving . . . ." *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). Here, Scripps challenges the validity of his sentence, which includes his term of imprisonment *and* his term of supervised release. *See* App. 125-26 ("So the total period of confinement on the bills is 108 months total. . . . And that will be followed by three years supervised release."); *see also* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." (emphasis added)). Although Scripps has completed his period of imprisonment, he is currently serving his term of supervised release. Accordingly, because Scripps is directly challenging "the sentence he is currently serving, issues of mootness do not arise." *Jackson*, 523 F.3d at 241.[3]

---

[3] One of our precedents appears to suggest that this case is moot. In *Burkey v. Marberry*, the petitioner, who was challenging his exclusion from a program that would have qualified him for early release, had already been released from prison. 556 F.3d 142, 144-45 (3d Cir. 2009). His only hope of relief was that the sentencing court might compensate for his extra time in prison by reducing his supervised release term. *See id.* at 146. We held that the case was moot because he

We therefore have jurisdiction to review this matter under 28 U.S.C. §§ 1291 and 2255(d).[4]

## III.  DISCUSSION

Scripps argues that the District Court erred in denying his request for an evidentiary hearing as to his claim that his appellate counsel was ineffective for failing to raise the trial court's Rule 32 error on direct appeal.  We review the District Court's failure to grant an evidentiary hearing for abuse of discretion.  *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008), *holding modified on other grounds by Vickers v. Superintendent Graterford SCI*, 858 F.3d 841 (3d Cir. 2017).  We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its

---

could not show that it was "likely" that the sentencing court would award him that reduction.  *Id.* at 149-50 (internal quotation marks omitted).

*Burkey* is distinguishable for the reason given in the text: the petitioner there challenged only his prison sentence, while here Scripps challenges his entire sentence (including the supervised-release portion).  In any event, our logic in *Burkey* appears to have been superseded by more recent Supreme Court case law, which clarifies that a case is not moot if there is *any* theoretical avenue of relief.  *See, e.g.*, *Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (explaining that a case is moot "only if 'it is *impossible* for a court to grant *any* effectual relief whatever'" to the prevailing party) (emphases added) (quoting *Chafin v. Chafin*, 567 U.S. 165, 173 (2013)).

[4] The District Court had jurisdiction over Scripps's § 2255 motion under 28 U.S.C. § 1331.

factual findings. *See Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997).

A district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (quoting 28 U.S.C. § 2255). Thus, "the District Court's decision not to hold an evidentiary hearing will be an abuse of discretion unless it can be conclusively shown that [Scripps] cannot make out a claim for ineffective assistance of counsel." *Lilly*, 536 F.3d at 195.

## A. *Strickland* Test

A criminal defendant has a right to the effective assistance of appellate counsel on the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). To assess the performance of appellate counsel, we apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See United States v. Cross*, 308 F.3d 308, 315 n.12 (3d Cir. 2002). Under *Strickland*, a petitioner must first establish that counsel's performance "fell below an objective standard of reasonableness." 466 U.S. at 688. In making this determination, *Strickland* cautioned that courts should be "highly deferential" when assessing counsel's performance and requires courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Second, a petitioner must show that he was prejudiced by counsel's deficient performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

9

Scripps argues that his appellate counsel was ineffective in failing to raise the trial court's failure to personally address him during sentencing. He further argues that he was prejudiced by his appellate counsel's deficient performance because, if this issue had been raised on direct appeal, we would have remanded for resentencing instead of affirming the trial court's sentence. We will analyze each argument under the *Strickland* test to determine whether the record conclusively shows that Scripps is not entitled to habeas relief.[5]

### i. *Objective Standard of Reasonableness*

In order to determine whether appellate counsel's performance fell below an objective standard of reasonableness, we must analyze whether a Rule 32 error even exists. If there was no underlying error, then appellate counsel

---

[5] In *Hill v. United States*, 368 U.S. 424 (1962), the Supreme Court held that a defendant does not have a constitutional right to allocution, and therefore cannot collaterally attack his sentence under Rule 32 absent aggravating circumstances. *Id.* at 428. However, in contrast to the petitioner in *Hill*, who solely alleged that he had been denied the right to allocution, Scripps alleges that he was denied the right to the effective assistance of appellate counsel under the Sixth Amendment. Thus, although the underlying error concerns a Rule 32 violation, Scripps presents a cognizable claim under § 2255. *See Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986) (holding that a claim for ineffective assistance of trial counsel is cognizable on habeas review where the petitioner alleged that his trial counsel failed to raise a meritorious argument to exclude evidence seized in an unconstitutional search).

was not ineffective for failing to raise this issue on appeal.  *See Thomas*, 570 F.3d at 121 n.7.

Rule 32 protects a defendant's right to allocution. Specifically, the rule requires that courts "address the defendant *personally* in order to permit the defendant to speak or present any information to mitigate the sentence."  Fed. R. Crim. P. 32(i)(4)(A)(ii) (emphasis added).  The Supreme Court has unequivocally instructed courts to "leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."  *Green v. United States*, 365 U.S. 301, 305 (1961).  Recognizing the long history of the common law right of allocution, the Supreme Court stated in *Green* that "there can be little doubt that the drafters of Rule 32[] intended that the defendant be personally afforded the opportunity to speak before imposition of sentence."  *Id.* at 304.[6]

We applied this rule in *United States v. Adams*, 252 F.3d 276 (3d Cir. 2001), holding that Rule 32 is not satisfied if the sentencing judge asks the defendant's attorney if the defendant wishes to speak, but fails to address the defendant himself. There, the trial judge made clear that the defendant was invited to address the court, telling the defendant's lawyer, "I want to hear if the remorseful defendant has anything he wants to say." *Id*. at 278.  After hearing arguments from defense counsel, the

---

[6] The current wording in Rule 32, which requires the court to "address the defendant personally" before imposing its sentence, was adopted in response to the Supreme Court's ruling in *Green*.  *See* Fed. R. Crim P. 32, advisory committee's note to 1966 amendment; *United States v. Adams*, 252 F.3d 276, 279 n.2 (3d Cir. 2001).

trial judge specifically asked the defendant's attorney: "Would your client like to exercise his right of allocution?" *Id.* "After a pause," the defendant's lawyer replied, "No." *Id.* We noted that while the trial judge was "obviously aware of [the defendant's] right of allocution," "the Supreme Court has held that this query, directed towards counsel, does not satisfy the requirement that the district court personally address the defendant himself." *Id.* at 279. We therefore held that the district court failed to comply with Rule 32. *Id.*

The Government attempts to distinguish this case as "that rare matter" where, although the sentencing judge did not directly address Scripps, the record reflects that Scripps nonetheless knew he could exercise his right to allocution. Gov't Br. 23. Both the District Court's opinion and the Government reason that, unlike in *Adams*, the trial judge directed Scripps's attorney to ask Scripps if he wished to speak and, after conferring with his client, Scripps's attorney confirmed that he did not.[7] The Government argues this is the "functional equivalent" of personally addressing Scripps. Gov't Br. 24. We find this reasoning unpersuasive.

As we held in *Adams*, an invitation to speak directed through defense counsel is not an adequate substitute for a personal invitation to the defendant himself. Our controlling law and the text of Rule 32 make clear that courts must personally address the defendant and that no substitute for such a personal address will be permitted. Accordingly, we find that the trial court erred in failing to personally address Scripps before imposing its sentence.

---

[7] The District Court noted that "[i]n sharp contrast [to *Adams*], in this case, not only did counsel confer with defendant on the record, but he was directed by the Court to do so." App. 17.

Thus, it is possible that appellate counsel's failure to raise the Rule 32 error on direct appeal "fell below an objective standard of reasonableness" under *Strickland*, 466 U.S. at 688. *See Goff v. Bagley*, 601 F.3d 445, 466 (6th Cir. 2010) ("Failure on the part of [] appellate counsel to raise such an obviously winning claim clearly falls below an objective standard of reasonableness . . . ."). However, without understanding counsel's reasons for failing to raise this error on appeal, we cannot categorically conclude that appellate counsel fell below an objective standard of reasonableness. *See Marshall v. Hendricks*, 307 F.3d 36, 115 (3d Cir. 2002) (concluding that the objective standard of reasonableness analysis "needs to be made with an understanding of counsel's thought process"). This is because we cannot presume that counsel's failure to raise the Rule 32 error on appeal automatically constitutes deficient performance. Rather, courts must "indulge a strong presumption" that counsel was effective and may only find otherwise if the defendant "overcome[s] the presumption that . . . the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citation omitted).

### ii.     *Prejudice*

Even assuming counsel fell below an objective standard of reasonableness, we would not grant habeas relief if the defendant suffered no prejudice. *See Strickland*, 466 U.S. at 694. Where a petitioner challenges the validity of his sentence under § 2255, "[t]he test for prejudice under *Strickland* is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal." *United States v. Mannino*, 212 F.3d 835, 844 (3d Cir. 2000).

13

Scripps challenged his sentence on direct appeal, but we found no error based upon the issues raised and affirmed his sentence. *See Scripps*, 599 F. App'x 443. We must therefore determine if there is a reasonable probability that Scripps's direct appeal would have come out differently if appellate counsel had raised the Rule 32 error.

In *Adams*, the defendant challenged the Rule 32 error on direct appeal, and we applied a plain-error standard of review. 252 F.3d at 278. We held that prejudice is presumed where the defendant demonstrates the "opportunity for such a [Rule 32] violation to have played a role in the district court's sentencing decision." *Id*. at 287. We reasoned that the Rule 32 error played a role during sentencing because the defendant was sentenced "roughly in the middle of the applicable Guidelines range, and therefore the District Court clearly retained discretion to grant [the defendant] a lower sentence." *Id*. (citation omitted). Similarly, here, the sentencing judge sentenced Scripps to a period of imprisonment at the top of the Guidelines range and to the maximum period of supervised release, and therefore retained discretion to grant Scripps a lower sentence. Applying *Adams*'s view of plain-error prejudice, we find that there is a reasonable probability that we would have remanded for resentencing if counsel had raised the Rule 32 error on direct appeal. Accordingly, prejudice is satisfied under *Strickland* for Scripps's ineffective assistance of counsel claim. *See Mannino*, 212 F.3d at 845.

## B.     Evidentiary Hearing

As we noted above, the record does not conclusively show that Scripps is not entitled to habeas relief for his ineffective assistance of appellate counsel claim. We cannot determine whether counsel's conduct fell below an objective standard of reasonableness for, while it would be highly

14

unusual for counsel to omit such a clearly meritorious argument, nonetheless counsel may have had reasons for doing so.[8] But without an evidentiary hearing, we do not know whether counsel had strategic reasons for failing to raise this error on appeal, and therefore, we cannot conclude as a matter of law that counsel was ineffective. *See Strickland*, 466 U.S. at 681 (noting that "strategic choices must be respected" and will "seldom if ever be found wanting" (internal quotation marks and citation omitted)). Accordingly, we find that the District Court abused its discretion in summarily denying Scripps's § 2255 motion without conducting an evidentiary hearing, and we will remand to the District Court for further proceedings.

## IV. CONCLUSION

For the foregoing reasons, we will vacate the District Court's Order denying Scripps's § 2255 motion as to this claim and remand for further proceedings consistent with this opinion.

---

[8] For example, perhaps Scripps informed counsel that he did not intend to allocute even if he were resentenced, and therefore counsel determined that raising the Rule 32 error would not be beneficial. Counsel may also have anticipated that the defendant would show no remorse and would argue with the jury's verdict on resentencing, causing the Judge, who was already perturbed at defense counsel for making excuses for Scripps's embezzlement and blaming others, to find a way to impose an even greater sentence on Scripps.