**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3169

———————

UNITED STATES OF AMERICA

v.

DAVID BEST,
Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-13-cr-00195-001)
District Judge: Honorable Arthur J. Schwab

———————

Argued September 10, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Opinion filed: October 16, 2020)

Laurel Gift
Schnader Harrison Segal & Lewis
120 Fifth Avenue
Suite 2700
Pittsburgh, PA 15222

Bruce P. Merenstein [ARGUED]
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103
        *Counsel for Appellant*

Laura S. Irwin [ARGUED]

Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
     *Counsel for Appellee*

---

OPINION*

---

MATEY, *Circuit Judge.*

After a jury convicted David Best for narcotics and firearms offenses, Best filed a motion under 28 U.S.C. § 2255 challenging, among other things, his attorney's effectiveness. The District Court denied the motion based on the trial record and the Judge's recollections of the trial, but without an evidentiary hearing. Best appeals that decision and, finding no error, we will affirm.

## I. BACKGROUND

A grand jury indicted Best with violating a host of laws related to a drug distribution conspiracy, including, most seriously, death resulting from drug consumption. Best pleaded not guilty to all charges and, represented by Stanton D. Levenson, proceeded to trial. Over eight days, the jury heard from more than 30 witnesses, including Best. Best admitted to selling drugs, conspiring with others to do so, and repeatedly burglarizing a pharmacy to steal pain pills. But he denied brandishing a firearm or causing an overdose

---

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

death. After deliberations, the jury acquitted Best of the death resulting charge but found him guilty on all other counts. Best was later sentenced to 288 months of imprisonment.

Still represented by Levenson, Best appealed, alleging insufficient evidence and sentencing errors. We affirmed. *United States v. Best*, 639 F. App'x 848 (3d Cir. 2016), *cert. denied*, 137 S. Ct. 146 (Oct. 3, 2016). Then, aided by new counsel, Best filed a motion under 28 U.S.C. § 2255 to vacate his conviction, arguing Levenson provided ineffective assistance by, among other things, falling asleep during his trial.

The District Court denied Best's motion without an evidentiary hearing. Best "totally . . . failed to show that counsel slept during any portion, much less a substantial portion, of the trial," the District Court wrote, so he could not prove the prejudice required to make out an ineffective assistance claim. (App. at 27.) That conclusion mirrored the Judge's recollection that, while presiding over the trial, Levenson did not fall asleep. The District Court declined to issue a certificate of appealability, but we granted Best's request solely as to the sleeping counsel claim.[1]

## II. DISCUSSION

Best argues that the District Court abused its discretion by declining to hold an evidentiary hearing before denying his petition. Such hearings are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the District Court's factual findings for clear error, its decision not to grant an evidentiary hearing for abuse of discretion, and exercise plenary review over legal conclusions. *United States v. Scripps*, 961 F.3d 626, 631 (3d Cir. 2020).

to no relief." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). But an evidentiary hearing is not required where the petitioner has no right to relief either because "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## A.    The District Court's Factual Findings Were Not Clearly Erroneous

Best first argues that the District Court erred in denying him an evidentiary hearing because "the pleadings and existing record alone," (Opening Br. at 7), do not "conclusively show that [he] is entitled to no relief," 28 U.S.C. § 2255(b). In the personal affidavit he submitted in support of his motion, Best stated that he "recall[ed] Mr. Levenson nodding off and falling asleep on several occasions," one of which was during the testimony of Amanda Feltner, a technician at Medfast, the pharmacy Best repeatedly robbed. (App. at 95.) Best's motion also states that "a preliminary investigation . . . has revealed that the Jury Foreman recalls other jurors noting, joking, and laughing" at Levenson's behavior. (App. at 83.)

Neither argument shows clear error. Levenson challenged the Government's testimony, crossing (and at times re-crossing) nearly all of the government's witnesses.

4

Other than Levenson's failure to cross-examine Feltner, Best has identified nothing in the trial record to support his claim that Levenson fell asleep on any occasion, let alone several. Without more, his claims are the sort of "vague and conclusory allegations" that may be dismissed without an evidentiary hearing. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The District Court's evaluation of the record, "supplemented by the trial judge's personal knowledge, conclusively negate[d] the factual predicates asserted by [Best] in support of his motion for post-conviction relief." *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("[T]he District Judge . . . is uniquely familiar with the overall circumstances of the original case."). Accordingly, we conclude that the District Court did not abuse its discretion by declining to hold an evidentiary hearing.

## B.     There Was No Prejudice

Best also argues that the District Court erred in holding that he needed to prove that he was prejudiced by Levenson's conduct. In *Strickland v. Washington*, 466 U.S. 668 (1984) the Supreme Court set forth the now-familiar two-part test for reviewing claims of ineffective attorney assistance. First, counsel's performance must be "deficient"—so wanting that it falls below "an objective standard of reasonableness"; second, that deficient performance must prejudice the defendant. *Id.* at 687–88. In certain limited contexts, prejudice may be so likely that "the cost of litigating [its] effect in a particular case is unjustified," and may be presumed. *United States v. Cronic*, 466 U.S. 648, 658 (1984). So, no showing of prejudice is necessary, for example, "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659.

5

Best does not meet that standard because he has failed to establish that Levenson slept at all during trial, let alone during a substantial portion of it. *Cf. United States v. Ragin*, 820 F.3d 609, 619 (4th Cir. 2016) ("[A] defendant's Sixth Amendment right to counsel is violated when that defendant's counsel is asleep during a *substantial* portion of the defendant's trial."). Best's jury trial lasted from March 31 to April 10, 2014. It included the presentation of 32 government witnesses, many with first-hand knowledge of Best's conduct, 28 of whom Levenson cross-examined. Feltner, the only person whose testimony Best specifically claims Levenson slept through, was only one such witness. Even assuming that lapse, such limited inattention is not "tantamount to no counsel at all." *Id.* (quoting *United States v. DiTommaso*, 817 F.2d 201, 216 (2d Cir. 1987)). Rather, at most, the brief "episodes of inattention or slumber" Best alleges require a showing of actual prejudice. *Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996).

And there is none. While Best describes Feltner as a "key witness," (Opening Br. at 4), he presents no evidence that, had Levenson cross-examined her, "the result of [his trial] would have been different," *Strickland*, 466 U.S. at 694.[2] Feltner was the twenty-fifth government witness to testify. By the time the jury heard from her, multiple witnesses— including Best's ex-girlfriend Jade Gagianas (who worked with Feltner at MedFast) and two of his co-conspirators, Katie Adams and Carlos Martinez—had named him as a

---

[2] "We have endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *McCoy*, 410 F.3d at 132 n.6). Because we conclude that Best fails to establish prejudice, we do not review Levenson's performance.

6

participant in the MedFast burglaries. Levenson cross-examined them to confirm various aspects of their testimony. Feltner, by contrast, provided only background. She explained how a pharmacy technician like Gagianas would have had access to controlled medication, described what the pharmacy looked like after the burglaries, and reviewed videos and photographs of it following each burglary for the benefit of the jury. She did not identify Best as the perpetrator of the burglaries.

Even if Feltner had picked out Best as the culprit, it's not clear how Levenson's failure to cross-examine her would have prejudiced him. After Feltner testified, Best took the stand and admitted to all three of the burglaries. In fact, Best confessed to all of but two of the charges against him. The two charges he disputed—a count of death after consumption, for which he was acquitted, and one of brandishing a firearm in furtherance of drug trafficking, for which he was convicted—were not implicated by Feltner's testimony.

Given the evidence at trial, Best "has not demonstrated a 'reasonable probability' that the proceeding would have been different" had Levenson cross-examined Feltner. *United States v. Lilly*, 536 F.3d 190, 197 (3d Cir. 2008).

### III. CONCLUSION

For these reasons, we will affirm the District Court's dismissal of Best's motion.

7