**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1926
_____

UNITED STATES OF AMERICA

v.

REGINALD BRADDY,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-14-cr-00104-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2023

_____

Before: CHAGARES, Chief Judge, GREENAWAY, JR., and PHIPPS,
Circuit Judges.

(Filed: May 18, 2023)
_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Reginald Braddy filed a motion pursuant to 28 U.S.C. § 2255 to vacate his criminal conviction. He argues that he was provided ineffective assistance of counsel on direct appeal because his appellate counsel failed to argue that he was deprived of his Sixth Amendment right to represent himself at trial. The District Court denied Braddy's § 2255 motion, and we will affirm.

I.

Because we write primarily for the parties, we recite only the facts essential to our decision. In 2014, Braddy was charged with conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.[1] Attorney Enid Harris was appointed to represent him under the Criminal Justice Act.

The relationship between Braddy and Harris deteriorated after the two had a dispute over whether to move to suppress certain evidence. Braddy sent a letter to the District Court in which he stated that he wanted to "withdraw Attorney Enid W. Harris as my counsel and proceed pro se." Appendix ("App.") 71. The District Court responded to Braddy four days later. In its response, the District Court informed Braddy that it had received his request to proceed pro se, advised Braddy that Harris "is your lawyer and not your servant," and reminded Braddy "of the saying that he who represents himself has a fool as a client." App. 74. Still, the District Court advised Braddy that it would request Harris's "input on [Braddy's] relationship with her" and would "take it from there." Id.

---

[1] A superseding indictment subsequently charged Braddy with conspiring to distribute methamphetamine, cocaine, and heroin.

Braddy then sent another letter to the District Court. In that letter, he apologized to "[his] attorney Enid Harris" if he "was disrespectful in any type of way" and claimed he understood that "Ms. Harris is [his] lawyer and not [his] servant." App. 75. Although he brought certain legal issues to the attention of the District Court in that letter, he did not renew his request to represent himself.

A few weeks later, Harris requested to withdraw as Braddy's counsel, citing "irreconcilable differences" about "appropriate motions to be filed" and the "role of the defendant in dictating . . . defense strategy." App. 121. The District Court granted Harris's request to withdraw and appointed Joseph O'Brien as Braddy's new counsel. Soon after, O'Brien filed the motion to suppress that Braddy had originally requested. The District Court denied the motion, and the case proceeded to trial. Before trial, Braddy submitted several other pro se motions and letters to the District Court. In some of those filings, Braddy wrote that he was proceeding "pro se, pursuant to Faretta v. California, 422 U.S. 806 (1974)." App. 133; see also App. 136. But at no point did Braddy question O'Brien's representation or request to represent himself at trial, and he proceeded to trial with O'Brien as his attorney. Braddy was convicted.

After his conviction, Braddy filed a pro se motion for a new trial under Fed. R. Crim. P. 33 in which he, among other things, argued that the District Court had violated his Sixth Amendment rights by failing to conduct a hearing on his request to represent himself in his initial letter to the District Court. The District Court denied the motion, reasoning that because the initial request was isolated and he had not made a subsequent

3

request that was both clear and unambiguous, he had acquiesced to representation and forfeited his right to represent himself at trial.

Braddy, represented by O'Brien, appealed. His brief on appeal raised five distinct issues but it did not raise the Sixth Amendment self-representation argument. We affirmed. United States v. Braddy, 722 Fed. Appx. 231 (3d Cir. 2017).

Braddy next filed the instant § 2255 motion, contending, among other things, that O'Brien had provided ineffective assistance of appellate counsel by failing to raise the Sixth Amendment issue on appeal. The District Court denied his § 2255 motion without a hearing. Braddy appealed, and we vacated the District Court's order to the extent that it denied the ineffective assistance of appellate counsel claim and remanded for further consideration. United States v. Braddy, 837 Fed. Appx. 112 (3d Cir. 2020).

On remand, the District Court held an evidentiary hearing on the motion. O'Brien and Braddy testified. O'Brien testified that Braddy had never expressed to him a desire to proceed pro se, and that he would have brought Braddy's request to the attention of the District Court if it had been made. Braddy acknowledged that he had never discussed representing himself with O'Brien, and that he had never requested to proceed pro se after his initial letter to the District Court. He also testified ambiguously about raising the Sixth Amendment issue on appeal — he at one point testified that the Sixth Amendment issue was the sole issue he wanted to raise on appeal, but at another point, he seemed to acknowledge that he had not asked O'Brien to raise the Sixth Amendment issue.

The District Court denied the § 2255 motion. It concluded that O'Brien's performance on appeal had not fallen below an objective standard of reasonableness,

because the Sixth Amendment issue was not meritorious, and O'Brien would not have had a good-faith basis to raise it on appeal. The District Court therefore concluded that O'Brien had not provided ineffective assistance. Braddy appealed.

## II.[2]

The Sixth Amendment guarantees a criminal defendant the "right to the effective assistance of appellate counsel on the first appeal as of right." United States v. Scripps, 961 F.3d 626, 632 (3d Cir. 2020). We assess claims of ineffective assistance of appellate counsel by reference to the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To secure relief based on alleged ineffective assistance of counsel, the Strickland framework requires a defendant to "show that counsel's performance was deficient" by proving "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" through a showing that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-88. If a defendant can prove constitutionally deficient performance, the defendant must also "show that the deficient performance prejudiced the defense" before a court may grant relief. Id. at 678.

In order to assess whether an appellate attorney performed deficiently by failing to raise a certain issue on appeal, a court must first consider whether the defendant had a meritorious basis for an appeal on that issue. After all, "[i]f there was no underlying

---

[2] The District Court had jurisdiction to consider Braddy's § 2255 motion under 28 U.S.C. §§ 1331 and 2255(a). We are vested with jurisdiction in this appeal by 28 U.S.C. §§ 1291, 2253(a), 2255(d). We review legal determinations de novo and factual findings for clear error. United States v. Doe, 810 F.3d 132, 142 (3d Cir. 2015).

error, then appellate counsel was not ineffective for failing to raise this issue on appeal." Scripps, 961 F.3d at 632.  Thus, the viability of Braddy's § 2255 motion turns on whether Braddy's right to self-representation was in fact violated.

A criminal defendant has a Sixth Amendment right to represent himself at trial. Faretta v. California, 422 U.S. 806, 819-21 (1975).  But because self-representation is often ill-advised and implies waiving the Sixth Amendment right to counsel, "a defendant must clearly and unequivocally ask to proceed pro se" in order to invoke the right of self-representation.  Buhl v. Cooksey, 233 F.3d 783, 790 (3d Cir. 2000).  That rule prevents defendants from "inadvertently waiving counsel based upon occasional musings on the benefits of self-representation."  Id. at 792 (quotation marks omitted).

Here Braddy only made a single explicit request to represent himself, in the context of a dispute with his lawyer over pretrial strategy.  Considered in context, that request to proceed pro se was neither clear nor unequivocal.   He withdrew that request after the District Court explained the risks of self-representation.  Once Harris withdrew and was replaced by O'Brien — an attorney who followed Braddy's preferred approach to pretrial motion practice — Braddy never again requested to represent himself at trial. And even as Braddy corresponded with the District Court on many other issues in a manner that revealed he was aware of his right to self-representation, he never again requested to proceed pro se at trial.

Because Braddy's request to proceed pro se was an isolated request that was neither clear nor unequivocal, he does not have a viable Sixth Amendment claim based on alleged deprivation of his right to self-representation.  Accordingly, his appellate

6

counsel did not provide ineffective assistance by failing to raise that issue on appeal. The District Court therefore did not err by denying Braddy's § 2255 motion.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.