CLD-118                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2717
_____

UNITED STATES OF AMERICA

v.

SEAN DONALD PREMOCK,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:16-cr-00272-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion to Dismiss or for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 3, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 21, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sean Premock, proceeding pro se, appeals from the District Court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1) and denying his motion for reconsideration. The Government has filed a motion to dismiss, or, in the alternative, for summary affirmance. We deny the motion to dismiss and grant the motion for summary affirmance.

In 2017, Premock pled guilty in the District Court to mail and wire fraud offenses. He was sentenced to a term of imprisonment of 120 months, plus a three-year term of supervised release. In March 2024, Premock filed a motion for compassionate release. He argued that his sentence should be reduced based on four general grounds: (1) his counsel was ineffective for failing to object to an allegedly erroneous vulnerable victim sentencing enhancement; (2) the processing of Premock's citizenship was delayed due to the COVID-19 pandemic, which prevented his transfer to a prison with more favorable conditions closer to his home in Florida; (3) he received a disparately long sentence for his fraud offenses; and (4) he demonstrated exemplary conduct in prison and in his plans for reentry. Premock sought a sentence reduction to time served with no supervised release.

The District Court denied the motion. Premock filed a motion for reconsideration, which the District Court denied. Premock then filed a notice of appeal. The Government has filed a motion to dismiss the appeal as moot because Premock has been released from prison and is now serving his term of supervised release. Alternatively, the Government has moved for summary affirmance.

2

We deny the Government's motion to dismiss the appeal as moot because Premock has requested relief regarding his supervised release that remains theoretically available despite his release from prison. See generally United States v. Scripps, 961 F.3d 626, 631 & n.3 (3d Cir. 2020); United States v. Chestnut, 989 F.3d 222, 225 (2d Cir. 2021). Premock's appeal thus presents a live controversy at this time, and we have jurisdiction under 28 U.S.C. § 1291. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). We review for abuse of discretion the District Court's ultimate decision to grant or deny a motion for compassionate release and will not disturb the decision unless the District Court committed a clear error of judgment. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). The denial of a motion for reconsideration is also reviewed for abuse of discretion. See United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court's determination that Premock failed to show "extraordinary and compelling reasons" that warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). His ineffective-assistance and sentencing arguments do not meet that standard here. See generally Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences"). Nor do his arguments regarding prison conditions, his rehabilitation, and his reentry plans. See United States v. Stewart, 86 F.4th 532, 536 (3d Cir. 2023) (explaining that "rehabilitation

3

cannot 'by itself' serve as an extraordinary and compelling reason," nor can the general effects of COVID-19 on society).

Moreover, even assuming Premock could show extraordinary and compelling reasons that would warrant a reduction under § 3582(c)(1), we discern no abuse of discretion in the District Court's ultimate determination that the § 3553(a) factors, especially the need to reflect the seriousness of Premock's fraud offenses, did not support a reduction in sentence. For essentially the same reasons, we do not discern any abuse of discretion in the District Court's order denying Premock's motion for reconsideration, which mostly repeated his arguments from his motion for compassionate release. See Dupree, 617 F.3d at 732–33.

Accordingly, we will grant the Government's motion and will summarily affirm the judgment of the District Court.