[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 18-10755

————————————

FABIO OCHOA,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:07-cv-22659-KMM,
0:99-cr-06153-KMM-7

————————————

Before WILLIAM PRYOR, Chief Judge, BRASHER, Circuit Judge, and ALTMAN,* District Judge.

BRASHER, Circuit Judge:

This appeal requires us to consider whether a criminal defendant's Sixth Amendment right to counsel is violated when multiple attorneys represent him in plea negotiations with the government and one of them labors under a conflict of interest. In 1999, Fabio Ochoa-Vasquez, a Colombian native, was arrested in Colombia on drug trafficking charges and ultimately convicted in federal court. Ochoa now appeals the denial of both his amended 28 U.S.C. § 2255 motion to vacate his convictions and sentence and his subsequent motion to alter or amend the judgment. He claims that one of his pre-extradition attorneys, Joaquin Perez, was ineffective due to a conflict of interest. According to Ochoa, Perez tried to convince him to pay a thirty-million-dollar bribe or kickback as part of a plea agreement, which would redound to the benefit of one of Perez's other clients. But Ochoa was represented by other attorneys, and he does not allege that they were conflicted or otherwise deficient in pursuing legitimate plea agreements on Ochoa's behalf. The district court held that the allegations in Ochoa's motion would not establish a Sixth Amendment violation even if true.

---

* Honorable Roy K. Altman, United States District Judge for the Southern District of Florida, sitting by designation.

After careful consideration and with the benefit of oral argument, we affirm.

## I.

In 1999, Ochoa and thirty-one co-defendants were charged with conspiring to possess with the intent to distribute and import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 963, respectively. The charges resulted from a joint investigation into Colombian narcotics trafficking between the Drug Enforcement Administration and Colombian National Police known as "Operation Millennium."

Colombian authorities arrested Ochoa in October 1999. After he was arrested and the United States sought his extradition, Ochoa "vehemently argued that the information" in the extradition affidavits "concerning him was inaccurate and false." He went so far as to circulate a pamphlet to the public entitled "Soy Inocente" (I am innocent).

Soon after his arrest, Ochoa retained attorney Joaquin Perez. Although it is unclear exactly when this representation ended, the record shows it ended sometime in early 2000. While in Colombia, Ochoa also retained attorney Jose Quinon, who represented him "[f]rom the time [he] was charged through the time of his extradition from Colombia." In total, he was represented by "around twenty" lawyers in early 2000. Ochoa was extradited to the United States in September 2001.

Both Perez and Quinon pursued plea agreements on Ochoa's behalf prior to his extradition. On March 1, 2000, Perez met with prosecutors, who suggested the possibility of a global plea deal if Ochoa agreed to cooperate with the government and forego the extradition process. Ochoa contends that Perez also tried to convince him to pay a thirty-million-dollar bribe or kickback as part of the plea negotiations. Quinon separately pursued plea negotiations sometime between Ochoa's arrest and October 2000; the government offered Ochoa a reduced sentence in exchange for pleading guilty and waiving the formal extradition process. Ultimately, Ochoa rejected all plea offers and was extradited.

After Ochoa was extradited, new lawyers took over his defense. Based on allegations that Perez attempted to facilitate the payment of a bribe or kickback, they filed a motion to dismiss the indictment and to disqualify Perez from representing any co-defendant. After an evidentiary hearing, the district court denied the motion. Ochoa's new lawyers also pursued multiple plea deals on his behalf and secured an offer for a twenty-year sentence in exchange for pleading guilty. Again, Ochoa rejected that offer.

At trial, Ochoa was convicted and sentenced to two concurrent terms of 365 months' imprisonment. We affirmed his conviction, sentence, *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005), and the denial of a motion for a new trial based on the Perez allegations, *United States v. Ochoa-Vasquez*, 179 Fed. Appx. 572 (11th Cir. 2006).

In 2008, Ochoa filed a Section 2255 motion to vacate his conviction and sentence. In his motion, Ochoa argued that his first attorney, Perez, had labored under a conflict of interest. Relevant to this appeal, Ochoa claimed that the conflict stemmed from Perez's representation of Nicholas Bergonzoli, a person who had not been charged in the conspiracy but who had aided the government in its investigation. According to Ochoa, Bergonzoli and Perez tried to convince him to pay thirty million dollars in exchange for a plea agreement as part of a fraudulent scheme that would benefit Bergonzoli. Ochoa alleged that Perez did not pursue a legitimate plea agreement with the government to further the scheme. Ochoa also alleged that he had refused to cooperate with the government and pleaded not guilty solely based on the outlandish price tag attached to the offer. In his motion, Ochoa requested an evidentiary hearing.

The district court denied the motion without an evidentiary hearing. Addressing Ochoa's argument that Perez failed to solicit a legitimate plea deal because he represented Bergonzoli, the district court concluded that this claim was "laden with assumptions and inferences, . . . short on specifics and lack[ing] evidentiary support." The court determined that Ochoa had not established a conflict of interest or adverse effect under *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Specifically, the district court reasoned that "Ochoa's other lawyers also tried to negotiate a plea agreement, yet Ochoa would not agree to one."

The district court also denied Ochoa's request for discovery because his amended Section 2255 motion "lack[ed] specific

allegations, relying instead on assumptions and conjecture." Based on Ochoa's sustained engagement with the Perez issue at trial, "there [was] no justification for Ochoa's failure to support his request for discovery with specifics."

Ochoa later moved to alter or amend the court's denial under Federal Rule of Civil Procedure 59(e), arguing that: (1) the district court applied the wrong standard of proof, as he needed only to allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief; and (2) that he had alleged conflicts of interest that rendered Perez's representation constitutionally ineffective, pointing to Perez's failure to negotiate a legitimate plea agreement because of his participation in the kickback scheme. The district court denied the motion. In doing so, the court clarified that, although it had employed language suggesting that Ochoa was required to prove a conflict of interest to secure discovery and an evidentiary hearing, it had set forth the correct standard and properly found that he was entitled to neither.

Ochoa appealed and moved for a certificate of appealability. We granted a certificate of appealability limited to the issue of "[w]hether the district court erred in denying under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), without an evidentiary hearing and without allowing discovery, Ochoa's claim that his attorney failed to pursue a legitimate plea agreement due to a conflict of interest."

## II.

We review the denial of a federal habeas petitioner's claim of ineffective assistance of counsel *de novo. Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc).

We review a district court's denial of an evidentiary hearing or request for discovery in a Section 2255 proceeding for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (evidentiary hearing); *see also Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 (11th Cir. 2014) (discovery). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures[,] . . . or makes findings of fact that are clearly erroneous." *Winthrop-Redin*, 767 F.3d at 1215 (quotation omitted).

## III.

As an initial matter, we note that the scope of our review is limited to the issue specified in the certificate of appealability. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). That issue is "[w]hether the district court erred in denying under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), without an evidentiary hearing and without allowing discovery, Ochoa's claim that his attorney failed to pursue a legitimate plea agreement due to a conflict of interest." Specifically, Ochoa's argument that "Perez was ineffective because he delayed in negotiating in order to help Bergonzoli extort Ochoa" and did not pursue a legitimate plea agreement. To the

extent Ochoa raises any arguments that fall outside this issue, we do not consider them.

Having defined the scope of our review, we now consider whether the district court erred in denying Ochoa's conflict of interest claim or abused its discretion in denying Ochoa's requests for discovery and an evidentiary hearing. For the reasons below, we conclude that it did not in either respect.

### A.    Conflict of Interest

The Sixth Amendment guarantees the right to the assistance of a lawyer who is not laboring under an actual conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). To succeed on his conflict-of-interest claim, Ochoa must establish: (1) a conflict of interest that (2) adversely affected Perez's performance. *Herring v. Sec'y, Dept. of Corrs.*, 397 F.3d 1338, 1356–57 (11th Cir. 2005) (citing *Cuyler*, 446 U.S. at 348 and *Mickens v. Taylor*, 535 U.S. 162, 171, 172 n.5 (2002)). To establish an adverse effect, Ochoa must show "some 'plausible alternative defense strategy or tactic that might have been pursued'" but for the alleged conflict—that is, Perez's loyalty to Bergonzoli. *United States v. Williams*, 902 F.3d 1328, 1332–33 (11th Cir. 2018) (quoting *Freund v. Butterworth*, 165 F.3d 839, 860 (11th Cir. 1999) (en banc)); *United States v. Novaton*, 271 F.3d 968, 1011 (11th Cir. 2001). Ochoa is required to show only that the alternative strategy was "a viable alternative," not that it "would necessarily have been successful." *Williams*, 902 F.3d at

18-10755                Opinion of the Court                9

1332–1333 (quoting *Freund v. Butterworth*, 165 F.3d 839, 860 (1999)).

Ochoa argues that Perez failed to pursue a reasonable plea negotiation because of his loyalty to Bergonzoli in attempting to extract thirty million dollars from Ochoa in exchange for a plea deal. According to Ochoa, if Perez operated under a conflict of interest that adversely affected Perez's performance, his ineffective-assistance-of-counsel claim would succeed.

We disagree. Even assuming a conflict of interest existed, Ochoa's claim ultimately fails because he does not sufficiently allege that the "conflict adversely affected his representation." *Novaton*, 271 F.3d at 1011. Other attorneys represented Ochoa during and after Perez represented him, so it is not enough to allege that Perez alone operated under a conflict of interest. Because the record establishes that Ochoa was represented by other attorneys who Ochoa does not allege were conflicted, the district court did not err by denying Ochoa's motion.

Although Ochoa criticizes Perez, he does not allege that his other attorneys suffered under a conflict of interest. The Sixth Amendment ensures the right to effective assistance of "*an* attorney." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (emphasis added). That is, the Sixth Amendment confers "an affirmative right (the right to effective assistance of counsel at critical proceedings), not a negative right (the right to be completely free from ineffective assistance)." *Logan v. United States*, 910 F.3d 864, 870 (6th Cir. 2018). The Sixth Amendment does not "include the right to receive

good advice from every lawyer a criminal defendant consults about his case." *Clark v. Chappell*, 936 F.3d 944, 968–69 (9th Cir. 2019) (quoting *United States v. Martini*, 31 F.3d 781, 782 (9th Cir. 1994)).

We have explained that "an adverse effect resulting from a conflict is not the same thing as prejudice in the run-of-the-mill *Strickland* sense." *Williams*, 902 F.3d at 1335. Nonetheless, to show an adverse effect, a petitioner must still establish that his attorney's conflict denied him the opportunity to pursue a "plausible alternative defense strategy or tactic." *Id.* at 1332 (quoting *Freund*, 165 F.3d at 860). "The right to defend is personal." *Faretta v. California*, 422 U.S. 806, 834 (1975). It is thus not enough that a particular conflicted attorney failed to pursue a strategy; *the defendant* must have lost the opportunity to pursue it.

In light of these principles, we and other courts have recognized that an attorney's conflict does not necessarily violate the Sixth Amendment if the defendant also receives the assistance of conflict-free counsel. In *Novaton*, we assessed whether a defense attorney who was allegedly under investigation by the United States Attorney's Office suffered from a conflict that adversely affected the defendant's trial. 271 F.3d at 1009-10. We noted that the presence of additional conflict-free counsel at trial made it "less likely that [the defendant's] representation was adversely affected by the alleged conflict." *Id.* at 1012 n.11. In *Stoia v. United States*, the Seventh Circuit declined to reverse a conviction because the "defendant [wa]s adequately represented by several lawyers and the defendant's overall representation [wa]s not impaired by any

actual conflict." 109 F.3d 392, 398 (7th Cir. 1997). It reasoned that "[t]o hold otherwise would allow defendants represented by multiple lawyers to take two bites at the apple." *Id.* at 399. Likewise, in *Logan*, the Sixth Circuit considered whether a criminal defendant received effective assistance of counsel at the plea negotiation stage when he was represented by two attorneys, one of whom was constitutionally ineffective. 910 F.3d at 869. There, the court concluded that the defendant's overall representation was not impaired because he was simultaneously counseled by an effective attorney, "who provided all that the Sixth Amendment requires." *Id.* at 872.

Turning to the facts of this appeal, we conclude that Ochoa does not allege sufficient facts to establish that Perez's alleged conflict deprived Ochoa of effective assistance of counsel. *Novaton*, 271 F.3d at 1012 n.11. Perez's representation lasted at most a few months, beginning soon after Ochoa's arrest in October 1999 and ending in early 2000. And for the entirety of that "very limited representation," Ochoa was simultaneously represented by Quinon, who he does not allege was conflicted.[1] After Perez withdrew,

---

[1] In his briefing, Ochoa disputes the timing of Quinon's representation, arguing that it began only after Perez's representation had ended. But he does not point to anything to support this assertion, which is contradicted by the record. Specifically, a witness testified at the pre-trial evidentiary hearing that Quinon represented Ochoa "[f]rom the time [he] was charged through the time of his extradition."

Ochoa was represented through trial by yet more lawyers, who are also not alleged to have been conflicted.

## B.    Evidentiary Hearing

Because we conclude that Ochoa's claim fails on the merits, we cannot say the district court abused its discretion in denying his request for an evidentiary hearing. A Section 2255 petitioner is entitled to an evidentiary hearing "if he alleges facts that, if true, would entitle him to relief." *Winthrop-Redin*, 767 F.3d at 1216 (cleaned up). "A petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* (cleaned up). "However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (cleaned up); *see also Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (district court need not conduct an evidentiary hearing if the record conclusively shows petitioner is not entitled to relief).

Ochoa argues that the district court incorrectly required him to prove his conflict of interest claim before granting his request for an evidentiary hearing. We disagree. It is true that the district court used loose language in its first order, suggesting that Ochoa lacked evidentiary support for his assertions. But the district court later clarified that it required only that Ochoa allege facts that, if true, would entitle him to relief. *Winthrop-Redin*, 767 F.3d at 1216. Ochoa's petition does not fail because he lacks evidentiary support

for his allegations. It fails because, as explained above, his allegations are insufficient to support his theory that Perez's conflict of interest affected his defense.

## C.    Discovery

Lastly, Ochoa argues that the district court abused its discretion in denying him discovery. Again, we disagree.

Unlike typical civil litigants, habeas petitioners are "not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, it is within the discretion of the district court to grant discovery upon a showing of good cause. *Id.* at 904. "Good cause is demonstrated where specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Arthur v. Allen*, 459 F.3d 1310, 1310–11 (11th Cir. 2006) (internal quotation marks and alterations omitted). In sum, "a habeas case is not a vehicle for a so-called fishing expedition via discovery, in an effort to find evidence to support a claim." *Borden v. Allen*, 646 F.3d 785, 810, n.31 (11th Cir. 2011).

We have held that "good cause for discovery cannot arise from mere speculation" or "pure hypothesis." *Arthur*, 459 F.3d. at 1311. The district court denied Ochoa's request for discovery because his motion "lack[ed] specific allegations, relying instead on assumptions and conjecture." And there was "no justification for Ochoa's failure to support his request for discovery with specifics" because of the significant litigation on this issue at trial.

Ochoa cannot establish good cause for discovery. As explained above, even if Ochoa's specific allegations could be proven with the aid of discovery, there is no "reason to believe" that he "may . . . be able to demonstrate that he is entitled to relief" because he has not alleged a Sixth Amendment violation. *See Arthur*, 459 F.3d at 1310–11. So, the district court did not abuse its discretion in denying Ochoa's request for discovery on a futile claim.

## IV.

The district court is **AFFIRMED**.