**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1208
_____

UNITED STATES OF AMERICA

v.

ANTHONY VETRI,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00157-002)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 4, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges.*

(Filed: September 5, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**HARDIMAN**, *Circuit Judge*.

Anthony Vetri appeals the District Court's order denying his habeas petition. He argues that his Sixth Amendment rights were violated when one of his trial attorneys had a conflict of interest and when another attorney was ineffective for failing to introduce evidence of Vetri's withdrawal from a drug-trafficking conspiracy. For the reasons stated by the District Court in its thorough and persuasive opinion, we will affirm.

I

In 2017, Vetri was charged with murder in the course of carrying and using a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(j)(1); aiding and abetting in violation of 18 U.S.C. § 2; and conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. The Government alleged that Vetri ordered Michael Vandergrift and other drug dealers to kill a competitor so Vetri could seize the victim's oxycodone supply. Vetri was first represented by Peter Scuderi, who was already representing Eric Hastings, a witness in the Government's case against Vetri and Vandergrift. Hastings had agreed to testify that Vandergrift confessed to killing the victim on Vetri's orders.

Given his conflicts, Scuderi recommended that Vetri retain another attorney, Fred Perri, to act as lead counsel. Shortly after Scuderi entered his appearance, the Government moved to disqualify him, citing his concurrent representation of Hastings and another prosecution witness. After a hearing on the motion, Scuderi withdrew from the case.

Though Scuderi drafted several filings before his withdrawal, including a motion to sever Vetri's trial from his codefendants' trials, Perri reviewed, filed, and argued all of Vetri's motions. Without citing Hastings's testimony about Vandergrift's confession, the motion to sever argued "that the case against . . . Vetri is largely testimonial, especially in regard to the murder conspiracy[,] [and] . . . the government will try to prove its case circumstantially and with co-conspirators' statements or statements which are only admissible against co-defendant Vandergrift." Dist. Ct. Dkt. No. 107, at 2. The District Court denied the motion, and a jury convicted Vetri of both counts.

The District Court sentenced Vetri to 240 months' imprisonment for the drug charge and life imprisonment for the murder charge. We rejected Vetri's direct appeal of his conviction. Vetri then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his conviction should be overturned because Scuderi "labored under an actual conflict" that led him to omit "critical facts in the pretrial motion to sever" regarding "Hastings['s] anticipated testimony against Vandergrift." App. 98. He also argued that Perri was ineffective for failing to present "affirmative evidence of [Vetri's] withdrawal from the conspiracy although it was his burden to do so." App. 96.

The District Court denied habeas relief, and Vetri timely appealed.[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review of the District Court's legal conclusions and review its factual findings for clear error. *See United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). The Court's conclusion of whether an actual conflict of interest adversely affected counsel's performance is a mixed question of law and fact which we review de novo. *See United States v. Gambino*, 864 F.2d 1064, 1071 n.3 (3d Cir. 1988). We review the District Court's denial of an evidentiary hearing for abuse of discretion. *See United States v. Scripps*, 961 F.3d 626, 631 (3d Cir. 2020).

## II

We turn first to Vetri's argument that his "Sixth Amendment right to conflict-free counsel was violated because [Scuderi] had an actual conflict of interest that adversely impacted his defense." Vetri Br. 23. To obtain relief, Vetri had to demonstrate that Scuderi had "a[n actual] conflict *that affected [his] performance*." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). Vetri thus had to show that "some plausible alternative defense strategy or tactic might have been pursued" and "the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988) (quoting *United States v. Fahey*, 769 F.2d 829, 836 (1st Cir. 1985).

In this case, Scuderi's simultaneous representation of Vetri and Hastings was, as the Government concedes, a conflict of interest. Also problematic was Perri's joint representation with a conflicted co-counsel. That said, we agree with the District Court that "Scuderi's simultaneous representation of Vetri and [Hastings] before trial did not adversely affect Vetri's representation." *United States v. Vetri*, 2022 WL 17418448, at *4 (E.D. Pa. Dec. 5, 2022), *reconsideration denied*, 2022 WL 18587025 (E.D. Pa. Dec. 6, 2022).

Vetri argues that Scuderi's loyalty to Hastings "resulted in counsel's failure to name and describe Hastings's statement in Vetri's motion to sever and failure to argue that Hastings's statement, in particular, constituted a basis for a severance." Vetri Br. 27. We disagree. As the District Court aptly noted, Vetri's unconflicted counsel, Fred Perri, "made the precise arguments Vetri claims he did not." *Vetri*, 2022 WL 17418448, at *9.

In support of the motion to sever, Perri argued that the Government's case "will include cooperators who have provided both proffer statements, as well as grand jury testimony, against Mr. Vandergrift[,] . . . which may have to do with what Mr. Vandergrift said about [Vetri's] criminal activity." App. 537. Though Perri did not identify Hastings by name or proffer his testimony, there is no reason to believe the motion would have fared better had he done so.

Even if Scuderi omitted those specifics from the draft motion to protect Hastings, Vetri offers no evidence that *Perri*—the attorney who filed and argued the motion—seconded that omission out of conflicting "loyalt[y]" to another client. *Gambino*, 864 F.2d at 1070. Rather, because the record establishes that Vetri was represented by another competent, unconflicted attorney, the conflict of interest did not adversely affect Vetri. *See Ochoa v. United States*, 45 F.4th 1293, 1299 (11th Cir. 2022). Indeed, the Sixth Amendment safeguards the right to effective assistance of "*an* attorney," *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (emphasis added), "not a negative right . . . to be completely free from ineffective assistance." *Logan v. United States*, 910 F.3d 864, 870 (6th Cir. 2018). Because Vetri was represented at all relevant times by Perri—a competent, unconflicted attorney—his argument premised upon Scuderi's conflict of interest fails. "To hold otherwise would allow defendants represented by multiple lawyers to take two bites at the apple simply by showing that one of the lawyers was somehow conflicted." *Stoia v. United States*, 109 F.3d 392, 399 (7th Cir. 1997).

In sum, we hold that Vetri did not show that Scuderi's conflict adversely affected his defense in light of Perri's concurrent, unconflicted representation.

III

Vetri next argues that the District Court "erred in denying an evidentiary hearing on [his] claim that [Perri] was ineffective for failing to present available evidence that Vetri had affirmatively withdrawn from the conspiracy." Vetri Br. 32 (emphasis omitted). He contends that Perri should have called him to testify about the affirmative steps he took to withdraw from the conspiracy. He also claims the District Court should have held a hearing to determine whether Perri understood the elements of a withdrawal defense and adequately sought out "evidence of Vetri's affirmative withdrawal." Vetri Br. 41.

We reject Vetri's argument that Perri was ineffective for failing to introduce affirmative evidence of withdrawal and not calling Vetri to testify. Even if Vetri could show that Perri's "performance was deficient, *i.e.*, unreasonable under prevailing professional standards," we agree with the District Court that Vetri has not shown "that he was prejudiced by [Perri's] performance." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005). Vetri cannot meet the high bar of showing that "but for counsel's unprofessional errors," "there is a reasonable probability that . . . the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

The record shows that Perri elicited evidence of Vetri's withdrawal through cross-examination of Government witnesses. He also argued in his opening and closing statements that Vetri withdrew from the conspiracy. So Perri made the best of the evidence he had, and we will not "second-guess[] by *post-hoc* determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681–82 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 689). And though Vetri faults his counsel

6

for failing to introduce other purported evidence of withdrawal—including testimony from a retired DEA investigator who was not previously involved with the case and Vetri's statements to drug dealer Angelo Perone—Vetri has not explained how Perri "knew or should have known" about this information during trial. *United States v. Shedrick*, 493 F.3d 292, 301 (3d Cir. 2007) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 480 (2000)).

Moreover, given the serious concerns about Vetri's credibility, it is unlikely that the outcome of the trial would have been different had Vetri testified in his own defense. So Perri's decision not to call Vetri to testify was "sound trial strategy," *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005), particularly given the "damaging cross examination he likely would have faced," *Vetri*, 2022 WL 17418448, at *6.

We also reject Vetri's argument that the District Court should have held a hearing on Perri's purported ignorance of—and failure to investigate—a withdrawal and statute of limitations defense. In his § 2255 motion, Vetri argued only that trial counsel was ineffective for "fail[ing] to present . . . affirmative evidence of [Vetri's] withdrawal from the conspiracy" and for "not calling [Vetri] to rebut significant portions of the prosecution's case." App. 96. These arguments are distinct from Vetri's claim that Perri was ineffective due to his ignorance of the law and failure to investigate key facts supporting Vetri's withdrawal from the conspiracy. And because we "will not consider issues raised for the first time on appeal," we decline to consider them. *Del. Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006).

7

\* \* \*

For the reasons stated, we will affirm the District Court's order denying Vetri's petition for a writ of habeas corpus.