**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2770

———————

UNITED STATES OF AMERICA

v.

BRUCE K. STEWART, also known as, BRUSHON ALI
STEWART, also known as, WAALI ZAKIE BRUTON,
also known as, L. B.,

Appellant

———————

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-02-cr-00062-001)
District Judge: Honorable Maryellen Noreika

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 27, 2023

Before: KRAUSE, ROTH and AMBRO, <u>Circuit Judges</u>

(Opinion Filed:  November 14, 2023)


Mary K. Healy
Eleni Kousoulis
Office of Federal Public Defender
800 King Street
Suite 200
Wilmington, DE 19801

                Counsel for Appellant


Alexander P. Ibrahim
Jesse S. Wenger
Office of United States Attorney
1313 N. Market Street
Hercules Building, Suite 400
Wilmington, DE  19801

                Counsel for Appellee

AMBRO, <u>Circuit Judge</u>

Bruce Stewart appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, we affirm.

Under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, district courts may reduce a term of imprisonment when warranted by "extraordinary and compelling reasons." *Id.* If a court finds those reasons exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate. *See* § 3582(c)(1)(A)(i).

Section 3582 does not define "extraordinary and compelling," so courts may consult the Sentencing Commission's policy statements—which are non-binding in the context of prisoner-initiated motions—"to form a working definition" of the phrase. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). But in *Andrews* we held that neither the length of a lawfully imposed sentence nor any nonretroactive change to mandatory minimum sentences establishes "extraordinary and compelling" circumstances warranting release. *Id.* at 261-62. We also explained that those proposed reasons, while immaterial to the extraordinary-and-compelling threshold inquiry, may be relevant "at the next step of the analysis," when the court weighs the § 3553(a) factors. *Id.* at 262.

Stewart is serving a life sentence for drug trafficking, racketeering, and attempted money laundering. In January 2022, he moved for compassionate release. In support of that motion, he argued that (1) his record of rehabilitation, (2) the risks posed by the COVID-19 pandemic, and (3) his status as a survivor of an attempted prison rape all qualify as extraordinary and compelling reasons warranting a sentence reduction. The District Court disagreed. It thus declined to analyze whether Stewart's release would be consistent with the § 3553(a) factors. *See Andrews*, 12 F.4th at 262.

Stewart challenges the District Court's determination as, among other things, failing to consider whether the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), abrogated our opinion in *Andrews*.

*Concepcion* concerned motions brought under § 404(b) of the First Step Act of 2018. *See* Pub. L. 115-391, § 404(b), 132 Stat. 5222. That provision is a different vehicle for defendants to request a sentence reduction; it governs resentencing of imprisoned individuals who have been convicted of certain offenses involving crack cocaine. 142 S. Ct. at 2396-97. In *Concepcion*, the Supreme Court addressed the type of evidence a court may consider after finding a defendant is eligible for relief under § 404(b), a threshold that is met if the defendant committed a "covered offense." *Id.* at 2397, 2401.

4

If a defendant clears that threshold for eligibility, a court at resentencing may "consider intervening changes of law or fact in exercising [its] discretion to reduce a sentence." *Id.* at 2404. The Supreme Court emphasized district courts' historical exercise of "broad discretion to consider all relevant information at an initial sentencing" or sentence-modification hearing. *Id.* at 2398-99. With this background, we turn to Stewart's appeal.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. A grant of compassionate release is a purely discretionary decision. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We therefore review the District Court's decision to deny Stewart's motion for abuse of discretion. *Id.* Under that standard, we will not disturb the Court's determination unless we are left with "a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

We first address Stewart's argument that the Supreme Court's decision in *Concepcion* abrogated our holding in *Andrews*. Stewart is not the first appellant to raise that argument in our Court. *See, e.g.*, *United States v. Craft*, No. 22-2708, 2023 WL 3717545 (3d Cir. May 30, 2023); *United States v. Williams*, No. 22-3219, 2023 WL 3496340 (3d Cir. May 17, 2023); *United States v. Badini*, No. 22-2476, 2023 WL 110529 (3d Cir. Jan 5, 2023); *United States v. Barndt*, No. 22-2548, 2022 WL 17261784 (3d Cir. Nov. 29, 2022); *United States v. Hall*, No. 22-2152, 2022 WL 4115500 (3d Cir. Sept. 9, 2022); *United States v. Bledsoe*, No. 22-2022, 2022

5

WL 3536493 (3d Cir. Aug. 18, 2022). As we have never written precedentially on the continued validity of *Andrews*, we do so here.

Stewart argues that *Concepcion* requires us to abandon *Andrews* and hold that district courts may exercise broad discretion *at any time* during sentence modification proceedings. He claims the limitations *Andrews* imposed on courts' discretion—namely, that the length of a lawfully imposed sentence and non-retroactive sentencing reductions are not "extraordinary and compelling" reasons warranting relief under § 3582(c)(1)(A)(i)—conflict with *Concepcion*'s broad grant of discretion to "consider any relevant materials at an initial sentencing or in *modifying that sentence*." Reply Br. 8-9 (emphasis in original) (quoting *Concepcion*, 142 S. Ct. at 2400). Because *Concepcion* permits courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence under § 404(b), Stewart appears to believe that it likewise permits the District Court in this case to consider "the disparity between his life sentence and the sentences that similarly situated defendants received previously and receive today." Appellant Opening Br. 21.

Stewart's reliance on the Supreme Court's reasoning in *Concepcion* is misplaced because the issue here is whether he, like the defendant in *Andrews*, is *eligible* for a sentence reduction under § 3582(c)(1)(A). As the Government observes, the defendant's eligibility for § 404(b) relief was not even at issue in *Concepcion* because the Government had conceded it. Government Br. 18; *see* 142 S. Ct. at 2397. The opinion instead dealt with the type of evidence a district court may consider *after* it finds a defendant qualifies for a sentence reduction under § 404(b). *Id.* at 2401. It does not bear on—

6

indeed, *Concepcion* says nothing about—the "threshold question" of whether "any given prisoner has established an 'extraordinary and compelling' reason for release" under § 3582(c)(1)(A)(i). *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022).

So *Concepcion* did not, as Stewart suggests, permit district courts to exercise broad discretion at any time during sentence modification proceedings; that is only after a defendant clears the threshold eligibility hurdle.[1] As the Government observes, *Concepcion* cited § 3582(c)(1)(A) as an example where Congress "expressly cabined district courts' discretion by requiring [them] to abide by the Sentencing Commission's policy statements." 142 S. Ct. at 2401. Absent changes in the applicable policy statements, our holding in *Andrews* remains undisturbed—and with it the limits imposed on courts' discretion when determining whether extraordinary and compelling reasons warrant relief.[2]

---

[1] Indeed, our approach to compassionate release motions runs a similar course as that laid out in *Concepcion* concerning First Step Act motions. Once a defendant successfully shows "extraordinary and compelling circumstances," then the district court may consider intervening changes in the law as part of the sentence-reduction inquiry. *See Andrews*, 12 F.4th at 262.

[2] We acknowledge the Commission's proposed amendments to the Sentencing Guidelines that took effect on November 1, 2023 and expanded the list of "extraordinary and compelling reasons" that may warrant sentence reductions under § 3582(c)(1)(A), including for some individuals with "unusually long sentences." *See* U.S. Sentencing Comm'n, *Guidelines Manual*, §1B1.13(b)(6) (Nov. 1, 2023). We may

That leads us to the second issue: whether the District Court erred in concluding that Stewart's justifications for release did not qualify as extraordinary and compelling. Though we commend Stewart's rehabilitation efforts,[3] the District Court is correct that rehabilitation cannot "by itself" serve as an extraordinary and compelling reason for his release. *See* USSG §1B1.13(d); 28 U.S.C. § 994(t). Likewise, we have no quibble with the Court's finding that Stewart's "increased risk of getting very sick from COVID-19 appears at most to be minimally increased over that of others." App. 14; *see Andrews*, 12 F.4th at 262. Our decision in *United States v. Raia* makes clear that "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release[.]" 954 F.3d 594, 597 (3d Cir. 2020). It does not foreclose a possible claim of onerous conditions in the midst of a rampant pandemic, but such a claim is unlikely to succeed in the current state of milder infections and fewer hospitalizations and deaths.

---

consider their effect on the validity of *Andrews* in an appropriate case. But we decline to do so today.

[3] We note that the District Court's initial speculation about Stewart's violent criminal history only served to introduce his outstanding personal growth during incarceration. *See* App. 11 ("The Court does not point this out to retread old ground, but to show that some of the changes described in Mr. Stewart's motion are quite noteworthy."). Though we may at times discourage this type of speculation, we think it plain that the District Court was not analyzing Stewart's request for relief with a "jaundiced eye." *United States v. Mateo-Medina*, 845 F.3d 546, 554 (3d Cir. 2017) (internal citation omitted).

Finally, the Court did not abuse its discretion by refusing to credit as extraordinary and compelling Stewart's status as a survivor of an attempted prison rape. It took seriously Stewart's allegation that he recently was the victim of an attempted rape, as do we. But it also observed that he "raised this charge" for the first time in his compassionate release motion, even though "there is a large and sophisticated regime already in place to handle allegations of prisoner rape." App. 13. Because he did not pursue available remedies, and thus the Bureau of Prisons had no opportunity to investigate, Stewart had no evidence "to substantiate [his] claims." *Id.* The District Court acted within its discretion in holding that a mere allegation of prison rape, without more, is not an extraordinary and compelling reason for early release. *See* USSG §1B1.13(b)(4) ("[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.").

\* \* \* \* \*

Because the District Court acted within its discretion in rejecting Stewart's reasons for compassionate release, we affirm.