**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1246
_____

UNITED STATES OF AMERICA

v.

MICHAEL KRAMER,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-11-00207-001)
District Judge: Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 7, 2023

Before: RESTREPO, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: January 26, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SCIRICA, *Circuit Judge*.

Michael Kramer, proceeding pro se, appeals the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The District Court determined Kramer failed to establish an extraordinary and compelling reason to warrant granting the motion. On appeal, Kramer contends the District Court improperly considered his medical issues and the nature of his underlying offenses. We find the District Court did not abuse its discretion and will affirm.

I.[1]

In 2014, Kramer was sentenced to 240 months' imprisonment upon pleading guilty to armed bank robbery, possession of a firearm by a convicted felon, and using and carrying a firearm during and in relation to a crime of violence. In 2020, Kramer filed the instant motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Kramer contended his medical conditions, along with increased health risks posed by the COVID-19 pandemic, constituted "extraordinary and compelling reasons" warranting a sentence reduction. App. 90. Specifically, Kramer pointed to his hypertension and obesity as factors putting him at an increased risk of health complications were he to contract COVID-19. Moreover, Kramer contended his institutional behavior and plan for reintegration supported a finding that a sentence reduction was warranted under the sentencing factors laid out in 18 U.S.C. § 3553(a).

The District Court denied Kramer's motion. It determined Kramer's medical

---

[1] We write solely for the parties and so only briefly recite the essential facts.

condition did not constitute an extraordinary and compelling reason to warrant a sentence reduction, particularly given the Bureau of Prisons' ("BOP") ongoing COVID-19 response and the availability of vaccines. The District Court also weighed the 18 U.S.C. § 3553(a) sentencing factors and found a sentence reduction was not warranted given the nature of Kramer's underlying offenses. Upon denial of this motion, Kramer timely appealed.

## II.[2]

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) permits inmates, as well as the BOP, to initiate motions requesting sentence reductions. Pub. L. No. 115-391, 132 Stat. 5194. In order to prevail on such a motion, an inmate must demonstrate an extraordinary and compelling reason justifying a sentence reduction. *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021). In determining what constitutes an extraordinary and compelling reason, the District Court may consider policy statements generated by the U.S. Sentencing Commission. *See id.* at 259–60. But a court is not bound by the Commission's policy statements, and the policy statement applicable to Kramer's case only applies to BOP-initiated motions for compassionate release.[3] The Commission's policy statement includes, among others, medical conditions

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[3] The Sentencing Commission has adopted an amendment to USSG §1B1.13, with an effective date of November 1, 2023, to include defendant-initiated motions for compassionate release. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023). The amendment also expands extraordinary and compelling reasons to include medical conditions that subject an inmate to increased risk of exposure to an infectious disease (like COVID-19). *Id.* However, this amendment does not apply

that "substantially diminish[] the ability of the defendant to provide self-care" in the list of extraordinary and compelling reasons to grant compassionate release. *See* USSG §1B1.13.

In addition to establishing an extraordinary and compelling reason, the inmate must show that a reduction is "supported by the traditional sentencing factors under 18 U.S.C. § 3553(a)." *Andrews*, 12 F.4th at 258. These factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect seriousness of the offense, . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2).

We review the District Court's decision to deny Kramer's motion for compassionate release for an abuse of discretion. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). Accordingly, we will uphold the court's order "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)). To prevail on appeal, Kramer must demonstrate the court abused its discretion both in declining to find an extraordinary and compelling reason as well as in its application of the § 3553(a) factors.

---

retroactively. *See* U.S. Sentencing Commission, Rules of Practice & Procedure §4.1A (2016) ("Generally, promulgated amendments will be given prospective application only.").

A.

The District Court did not abuse its discretion in finding no extraordinary and compelling reason to warrant a sentence reduction for Kramer. The court acknowledged Kramer's medical conditions and the related risks of potential complications if he were to contract COVID-19 but ultimately determined these conditions did not rise to the level of an extraordinary and compelling reason. We have previously noted that the "mere existence of COVID-19 in society" does not constitute an extraordinary and compelling reason, especially when viewed in the light of BOP's "extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The court balanced Kramer's medical needs against BOP's ongoing COVID-19 response and found Kramer did not meet his burden to demonstrate an extraordinary and compelling reason for sentence reduction. Accordingly, given the "considerable discretion in compassionate-release cases," the District Court did not abuse its discretion, having appropriately considered Kramer's medical conditions alongside BOP's ongoing COVID-19 response. *See Andrews*, 12 F.4th at 262.

B.

Nor did the District Court abuse its discretion when it determined the § 3553(a) sentencing factors did not weigh in favor of a sentence reduction. Kramer robbed a bank at gunpoint and accordingly, the District Court described the nature of Kramer's offense having "a distinct aura of violence." App. 29. The District Court also considered Kramer's criminal history and noted substance abuse. It stressed the seriousness of Kramer's offense and the need to deter others from committing similar crimes, as well as

a continuing need to protect the public from Kramer. We find no "clear error of judgment" in the District Court's reasonable consideration of the § 3553(a) factors. *See Pawlowski*, 967 F.3d at 330.

Moreover, the District Court observed Kramer's 240 months' sentence was already "*meaningfully below* the guideline range" of 272 to 319 months. App. 30. We have previously observed it is not unreasonable for a district court to consider whether granting compassionate release would result in a substantial reduction in sentence. *Pawlowski*, 967 F.3d at 331.

Relying on the Supreme Court's recent decisions in *Borden v. United States*, 597 U.S. 481 (2021), and *Concepcion v. United States*, 142 S. Ct. 2389 (2022), Kramer contends the District Court erred when it failed to consider intervening changes in law in its analysis of the § 3553(a) factors. But Kramer's reliance on *Borden* and *Concepcion* is misplaced. Kramer contends *Borden* changes his status as a career offender and argues the District Court should have considered this change in law in weighing the § 3553(a) factors. But even if Kramer is correct in asserting a change in career offender status under *Borden*, *Concepcion* does not compel courts to consider intervening changes of law but rather allows courts to exercise their discretion to reduce a sentence under the First Step Act. *See Concepcion*, 597 U.S. at 501–02. Moreover, we have recently reaffirmed that nonretroactive changes in sentencing laws are not, by themselves, extraordinary and compelling reasons warranting sentence reduction. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023) ("[O]ur holding in *Andrews* remains undisturbed.").

III.

6

Courts have "considerable discretion in compassionate-release cases." *Andrews*, 12 F.4th at 262. For the foregoing reasons, we find the District Court did not abuse its discretion when it determined Kramer was not entitled to a sentence reduction. Accordingly, we will affirm the judgment of the District Court.