**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2734
_____

UNITED STATES OF AMERICA

v.

JEREMY GALINDEZ,
Appellant
_____

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 5:22-cr-00266-001)

District Judge: Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 9, 2024
_____

Before: BIBAS, FREEMAN, RENDELL, *Circuit Judges.*

(Filed: July 22, 2024)

_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Appellant Jeremy Galindez appeals his sentence imposed by the District Court for his conviction of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that (1) this Court should vacate his sentence and remand for resentencing based on United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Amendment 821, which retroactively lowered his criminal history score; and (2) the District Court plainly erred by inadequately explaining why it varied upwards and imposed an above-Guidelines sentence. Although Amendment 821 applies to Galindez, remanding the case for resentencing is an improper procedural remedy; and due to a lack of plain error regarding the adequacy of the District Court's reasoning for the upward variance, we will affirm.

I

Galindez pleaded guilty to possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) after shooting a man in the leg during a bar fight.[1] The Presentence Investigation Report ("PSR") determined that his total offense level was nineteen.[2] PSR ¶ 25. The PSR established that due to his three prior convictions, Galindez had five criminal history points. PSR ¶¶ 27, 29-31. Two "status points" were added because

---

[1] Galindez's prior felony convictions include corruption of minors and lewd or lascivious exhibition. PSR ¶¶ 27, 29.

[2] The base level for the offense was fourteen because a firearm was used in an aggravated assault. PSR ¶ 15. Five levels were added due to the firearm being discharged, and three additional levels were added because the victim suffered bodily injury during the shooting. PSR ¶ 16-17. Galindez received a three-level reduction due to accepting responsibility and timely notifying the government of his intent to plead guilty. PSR ¶ 23-24.

Galindez was on probation when he committed the immediate offense. PSR ¶ 32. The result was a criminal history category of IV. PSR ¶ 33. This produced a guideline range for his sentence of forty-six to fifty-seven months of incarceration. PSR ¶ 75. The District Court adopted the PSR's calculations. App. 065-66.

However, the District Court chose to vary upward *sua sponte* and imposed a sixty-six month sentence. The District Court stated:

> I am ultimately very concerned here in this case. I—I think this conduct is problematic. I see a trouble[d] pas[t]. I see a pretty substantial criminal history here and frankly I am concerned that the criminal history that I've seen understates who Mr. Galindez is in the sense that he engaged in some pretty serious conduct and got off pretty lightly and the result of that was a relatively low score in the criminal history category process. I think he very easily could have been pushed up into category five if he had gotten heftier sentences for conduct that frankly from what I've read reads like it probably warranted it, and—and I would say that as much as anything more so than—than seeing the video does lead me to think that a slight upward variance is appropriate here. I—so what I am going to do as a mechanical matter is I am going to vary upward one criminal history category I think that's appropriate for the reason I just stated which would put me in a range of 57 to 71 months, and I am going to impose a sentence in the middle of that that's 66 months[.]

App. 081-082. The District Court reiterated its reasoning in the Statement of Reasoning accompanying the Judgment which stated that:

> The defendant committed serious crimes as reflected in para[graphs] 27, 29, and 30 [of the PSR], but received minimal sentences for those crimes, resulting in a small number of criminal history points. Given the seriousness of the crimes and the defendant's continued history of engaging in such conduct, I conclude that the criminal history score does not fully capture his past and his risk of recidivism. That, coupled with the wanton nature of the instant offense, leads me to conclude that an upward variance is appropriate.

Galindez timely appealed.

II[3]

A

Galindez argues that Amendment 821, which passed shortly after his sentencing, applies to his case, and that this Court should thus remand the case for resentencing. This Court reviews whether a defendant is eligible for consideration of a reduced sentence due to the imposition of a retroactive sentencing guideline amendment under plenary review. *United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002). Part A of Amendment 821 amended Section 4A1.1 of the Guidelines to limit the overall criminal history impact of "status points." Prior to the amendment, two "status points" were added if the defendant committed the instant offense "while under a[ny] criminal justice sentence." U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.7. Following adoption of Amendment 821, an offender must have seven or more criminal history points before the two additional "status points" are added to the calculation. The Sentencing Commission stated that this change should be applied retroactively. *Id.* § 1B1.10(d). Under the new amendment, since Galindez's subtotal criminal history points were fewer than seven, he would not have received the "status points." This would have in turn reduced his guideline range to thirty-seven to forty-seven months.

Although this amendment is applicable to Galindez, remanding for resentencing is not the appropriate remedy. New "substantive" amendments, like Amendment 821, are not applicable on appeal. *See, e.g., United States v. Flemming*, 617 F.3d 252, 267 (3d Cir.

_____

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

2010); *United States v. Spinello*, 265 F.3d 150, 160 (3d Cir. 2001); *United States v. Marmolejos*, 140 F.3d 488, 490-91 (3d Cir. 1998). The District Court correctly applied the guidelines that were in effect at the time of sentencing, so there is no error here. *United States v. Omoruyi*, 260 F.3d 291, 297 (3d Cir. 2001). Instead, Galindez may file a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).

B

Galindez also urges that the District Court committed plain error by failing to adequately explain its reasoning for imposing an above-Guidelines sentence. Arguing that a district court failed to adequately explain the imposed sentence is a challenge of procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007).[4]

When, as here, a defendant fails to raise a procedural objection at sentencing, this Court reviews his claim for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). To establish plain error, an appellant must (1) demonstrate that there was a legal error; (2) that it was plain and obvious; and (3) that it has affected his substantial rights, meaning that it was prejudicial and affected the outcome of the court proceedings. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). If the appellant establishes plain error, this Court has the discretion to correct the error if it seriously affects the fairness, integrity, or reputation of judicial proceedings. *Id.* at 732.

---

[4] On appeal, Galindez notably only argues that the District Court committed procedural error and makes no argument that his sentence is substantively unreasonable.

In order to allow for appellate review, the sentencing court must "provide a record sufficient to allow a reviewing court to conclude that the sentencing court exercised its discretion." *United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007). To survive review under a claim that a sentence is procedurally unreasonable, a district court must demonstrate that it: "(1) exercised its discretion by giving 'meaningful consideration' to the § 3553(a) factors; and (2) applied those factors reasonably by selecting a sentence grounded on reasons that 'are logical and consistent with the [§ 3553(a)] factors.'" *Id.*

Although Galindez argues that the District Court's statements were insufficient to provide adequate explanation for his sentence, the record reveals otherwise. The District Court correctly followed sentencing procedure. First, it calculated the guideline range. Then, it gave meaningful consideration to the § 3553(a) factors, specifically noting that Galindez: (1) chose to engage in an act of "potentially deadly violence" that was an "unwarranted escalation for a shove or a fight"; (2) came from a "substantially disadvantaged background"; (3) had a lack of employment history; (4) was willing to carry a firearm and engage in criminal conduct while on probation; (5) needed to be specifically deterred from future criminal activity and needed to receive just punishment; and (6) has a "long history of criminal conduct." App. 078-080. Considering all of this, the District Court concluded that a "slight upward variance" was appropriate and varied upward one criminal history category. App. 082. The District Court further reiterated its reasoning in the Statement of Reasons. This is a sufficient explanation of reasoning to allow for appellate review and demonstrates that the District Court did not plainly err.

6

In addition, Galindez argues that it was improper for the District Court to consider the types of prior crimes that Galindez committed instead of the sentences imposed for the prior crimes as required by the Sentencing Guidelines policy. Galindez draws attention to the statement made by the District Court: "[I]f he had gotten heftier sentences for conduct that frankly from what I've read reads like it probably warranted it . . . lead[s] me to think that a slight upward variance is appropriate here." App. 081-082. Galindez did not appeal the substantive reasonableness of the sentence, only the procedural reasonableness. This argument is not a procedural argument, but instead is a substantive disagreement with how the District Court weighed the § 3553(a) factors. Moreover, the Guidelines allow a district court to vary upwards "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). The District Court made it clear that it believed that Galindez's criminal history score did not accurately represent his criminal history and adequately explained so. Thus, the District Court adequately explained its reasoning for the upward departure, and thus there was no plain error.

## III

For the reasons stated above, we will affirm.