BLD-092                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2854
_____

UNITED STATES OF AMERICA

v.

SEAN L. HAGINS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:06-cr-00485-001)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted on the Government's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 10, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sean L. Hagins appeals the District Court's orders denying his motion for compassionate release and motion for reconsideration. The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2009, Hagins was sentenced to 360 months in prison after being convicted of firearm charges. We affirmed his conviction and sentence on appeal and denied a certificate of appealability when Hagins sought to appeal the District Court's denial of a motion filed pursuant to 28 U.S.C. § 2255.

In 2024, Hagins filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The District Court denied the motion. Hagins then filed a motion for reconsideration. After the District Court denied the motion for reconsideration, Hagins filed a timely notice of appeal. The Government has filed a motion seeking summary affirmance of the District Court's orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the Government states that it does not object to the untimeliness of the motion for reconsideration, the scope of the appeal includes the District Court's July 10, 2024 order. See Government of Virgin Islands v. Martinez, 620 F.3d 321, 327-29 (3d Cir. 2010). We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We also review the denial of a motion for reconsideration for an abuse of discretion. See United

2

States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if, inter alia, extraordinary and compelling reasons warrant such a reduction. In his motion, Hagin argued that he was entitled to compassionate release because changes in the law would entitle him to a shorter sentence if he were sentenced today. He also pointed to his disciplinary record and productive activities in prison as proof of his rehabilitation. The District Court concluded that the length of Hagins's sentence and the changes in the law were not extraordinary and compelling reasons warranting compassionate release. It also noted that rehabilitation, by itself, cannot establish extraordinary and compelling reasons for release. See United States v. Stewart, 86 F.4th 532, 535-36 (3d Cir. 2023). In his motion for reconsideration, Hagins argued that under U.S.S.G. § 1B.13(b)(5) & (6), he was eligible for a sentence reduction due to recent changes in the Sentencing Guidelines.[1]

Sentencing Guideline § 1B1.13(c) provides that "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining

---

[1] Pursuant to subsection (b)(5), "other reasons" similar to those described in subsections (1)-(4) can support a finding of extraordinary and compelling reasons.

whether an extraordinary and compelling reason exists under this policy statement.

U.S.S.G. § 1B1.13. Subsection (b)(6) explains that a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered if the defendant received an unusually long sentence and the change in the law would create a "gross disparity" between the sentence received and the sentence likely to be imposed at the time of the motion.

Hagins relies on Amendments 742, 826, and 828, which are "amendment[s] to the Guidelines Manual that [have] not been made retroactive." See U.S.S.G. § 1B1.10(a)(1) & (d).[2] Thus, pursuant to (b)(6), these changes in the law may not be considered.[3] And we need not resolve whether the New Jersey statute expunging offenses related to

---

[2] Amendment 742 deleted the provision that added points to the criminal history for crimes committed within two years of release from prison. These points are referred to as "recency points." United States v. Isaac, 655 F.3d 148, 158 (3d Cir. 2011). Amendment 826 limited the consideration of acquitted conduct. See U.S.S.G. § 1B1.3(c) (providing that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court"). Amendment 828 specified when an altered serial number on a firearm results in additional points. See U.S.S.G. § 2K2.1(b)(4)(B)(i) (directing that the offense level be increased by 4 levels if "any firearm had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye").

[3] We recently held that, with respect to the changes in law to 18 U.S.C. § 924(c), § 1B1.13(b)(6) could not be considered in determining whether a defendant can show extraordinary and compelling reasons that make him eligible for a sentence reduction. See United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024). This was because Congress explicitly made the changes to § 924(c) not retroactive. We explicitly limited our holding to the changes in § 924(c). See id. at 377 n.23 (explaining that "[w]e are not suggesting that a change in law could never be considered in the compassionate release eligibility context"). Here, we need not address whether § 1B1.3(b)(6) conflicts with any Congressional intent because the language of (b)(6) disqualifies the Amendments on which Hagins relies.

marijuana use, see N.J. Stat. Ann. § 2C:52-6.1, could be considered a "change in the law" or whether Hagins's convictions for marijuana possession would be considered expunged if he were sentenced today. See U.S.S.G. § 4A1.2(j) & cmt. n.10; see, e.g., United States v. Bays, 589 F.3d 1035, 1037-40 (9th Cir. 2009) (examining whether a conviction had been expunged under § 4A1.2(j)); United States v. Townsend, 408 F.3d 1020, 1024-25 (8th Cir. 2005) (same). Assuming arguendo that the convictions would not be counted if Hagins were sentenced today, the high end of his sentencing range would be 327 months, compared to the 360-month sentence the District Court imposed (also at the high end of the sentencing range). We doubt that this difference constitutes a "gross disparity," but in any event, this type of claim must be pursued via § 2255. See generally Johnson v. United States, 544 U.S. 295, 303-04 (2005); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

Hagins also suggests that in Ward v. United States, 626 F.3d 179 (3d Cir. 2010), we held that a District Court's failure to specify the sentence for each count can establish extraordinary and compelling reasons for release. We did not so hold. In Ward, the District Court had not specified a particular sentence for each count. Thus, we could not determine whether the sentence was legal as to particular counts. Id. at 184. There was no discussion of extraordinary or compelling reasons in Ward as it addressed a direct appeal from a criminal judgment and not a motion for a reduction of sentence. Rather,

we determined that Ward could raise the claim for the first time on appeal because the error affected his substantial rights and resulted in a manifest injustice. Id.[4]

Hagins also argues that the District Court denied his motion without applying the Supreme Court's precedent in Concepcion v. United States, 597 U.S. 481 (2022). The Court in Concepcion, however, did not address the issue here: what qualifies as an "extraordinary and compelling" reason under the compassionate release statute. See Stewart, 86 F.4th at 535 (explaining that "Stewart's reliance on the Supreme Court's reasoning in Concepcion is misplaced because the issue here is whether he, like the defendant in Andrews, is *eligible* for a sentence reduction under § 3582(c)(1)(A)"); United States v. King, 40 F.4th 594, 596 (7th Cir. 2022) (observing that "Concepcion is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release").

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4 (2011). As the District Court clearly did not abuse its discretion in denying Hagins's motion for a sentence reduction, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6 (2018).

---

[4] We note that the remedy for such an error would be a limited remand for clarification of the sentence and not a sentence reduction or resentencing. United States v. Jacobs, 21 F.4th 106, 116-17 (3d Cir. 2021).