ALD-209                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2042
_____

UNITED STATES OF AMERICA

v.

DANIEL GATSON, a/k/a Tokyo
Gatson, a/k/a Craig, a/k/a Big Country,

                                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2:13-cr-00705-001)
District Judge:  Honorable William J. Martini

_____

Submitted By the Clerk for Possible Dismissal as Untimely
and on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 4, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: September 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Daniel Gatson is serving a 300-month federal sentence for transporting the proceeds of his many burglaries. He appeals the denial of his fourth motion for a sentence reduction (sometimes called compassionate release) under 18 U.S.C. § 3582(c)(1)(A)(i). On the Government's motions, we summarily affirmed the denial of Gatson's first three motions. See, e.g., United States v. Gatson, No. 23-1660, 2023 6139559 (3d Cir. Sept. 20, 2023) (affirming the denial of Gatson's third motion and noting our previous rulings, which set forth the governing legal framework and our abuse-of-discretion standard of review). The Government has filed a motion for summary affirmance in this appeal too. We will grant that motion and affirm.[1]

In Gatson's third motion, he argued in relevant part that our decision in United States v. Banks, 55 F.4th 246, 255-58 (3d Cir. 2022), constituted an "extraordinary and compelling reason[]" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). We held there that the victim-loss enhancement of U.S.S.G. § 2B1.1 applies only to actual loss, not intended loss. Gatson argued that our holding invalidated the § 2B1.1 loss enhancement applied in his case. We rejected that argument as "frivolous" because Gatson's sentence clearly was based on actual loss and not intended loss. Gatson, 2023 WL 6139559, at *1.

_____

[1] Our Clerk advised the parties that this appeal appears to be untimely. We need not address that issue because the governing time limitation is not jurisdictional and thus "may be waived," United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012), and the Government has expressly waived it in this case.

While our ruling was still on rehearing (which we ultimately denied), Gatson filed his fourth motion. This time, he argued primarily that his sentence is illegal, not because the District Court based its § 2B1.1 calculation on intended loss (which it clearly did not), but because the court failed to expressly state whether it based its § 2B.1 calculation on actual or intended loss. Gatson relied for that argument on law existing at the time of his sentence.[2] The District Court rejected his argument in light of our previous analysis. The court also rejected his other arguments and denied his motion.

We will summarily affirm because the court did not abuse its discretion for the reasons it explained, see United States v. Stewart, 86 F.4th 532, 534 (3d Cir. 2023), and because that issue presents no substantial question, see 3d Cir. L.A.R. 27.4 (2011). In doing so, we reject all of Gatson's arguments on appeal, including his erroneous argument that the District Court misapprehended the nature of his claims.

---

[2] Gatson's argument thus does not implicate Rutherford v. United States, No. 24-820, 2025 WL 1603603 (U.S. June 6, 2025), or Carter v. United States, No. 24-860, 2025 WL 1603599 (U.S. June 6, 2025), in which the Court granted certiorari to consider, inter alia, whether certain changes in the law can constitute extraordinary and compelling reasons. Gatson's argument also does not warrant waiting for a ruling in Fernandez v. United States, No. 24-556, 2025 WL 1496486 (U.S. May 27, 2025), in which the Court granted certiorari to consider whether extraordinary and compelling reasons can include those that may be alleged as grounds for relief under 28 U.S.C. § 2255. Gatson's Guidelines-related argument is not cognizable under § 2255, see United States v. Folk, 954 F.3d 597, 604 (3d Cir. 2020), and, even if such an argument could constitute grounds for compassionate release in an appropriate case, Gatson's argument here lacks merit.